UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD E. DAVIS, SR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:10 CV 2095 RWS |
| v. ) | |
| ) | |
| CITY OF ST. JOHN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Defendants' Motion to Dismiss [#2 and # 13]. Plaintiffs filed this action in Missouri state court alleging the Defendants violated their rights under the United States Constitution. Defendants removed the case and now move the Court to dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted. Because I find that Plaintiffs have failed plead enough facts to state a claim to relief that is plausible on its face, I will grant Defendants' Motion to Dismiss and dismiss Plaintiffs' Complaint without prejudice.

*Background*

Plaintiffs filed this action in the Circuit Court of St. Louis County for the State of Missouri on September 20, 2010. Defendants removed this case pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiffs assert that Defendants violated their rights under the United States Constitution.

Defendants filed a Motion to Dismiss [#2] on November 5, 2010 for failure to state a claim. After reviewing Plaintiffs' pleading and in order to assess whether I have jurisdiction over this cause of action, I ordered Plaintiffs to file an amended complaint to clarify the causes of action Plaintiffs intended to pursue because Plaintiffs' complaint did not clearly indicate what federal right the Defendants allegedly violated [#9]. On December 8, 2010 Plaintiffs filed an Amended Complaint [#12] and on December 20, 2010 Defendants filed a second Motion to Dismiss [#13].

Plaintiffs' Amended Complaint is unclear and I encountered significant difficulty identifying Plaintiffs' claims. Plaintiffs make the general allegation that Defendant Poteet violated the Fourth Amendment when he "entered on to [sic] property to obtain information to issue tickets." Plaintiffs also generally allege that Defendants violated their equal protection and Fourteenth Amendment Rights.[1] It appears Plaintiffs' claims arise from Defendant Poteet issuing several tickets on behalf of the City of St. John and that Donald Davis, Sr. was ultimately found not guilty of the alleged wrongdoing which gave rise to the tickets. Defendants have moved to dismiss Plaintiffs' claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

*Legal Standard*

When ruling upon a motion to dismiss under Fed.R.Civ.P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the Plaintiff. Fed.R.Civ.P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir.2002). Despite this standard, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quoting Estelle v.

---

[1] Plaintiffs also refer to "Proclamation 28-Admitting Missouri to the Union" and assert that Defendants "did not recognize that the United States Constitution must be followed and recognized under [] Proclamation 28 - Admitting Missouri to the Union." Though difficult to understand, it does not appear this is intended to be an additional cause of action, but merely a statement that the Defendants must abide by the United States Constitution.

Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

*Discussion*

*Claim under Fourth Amendment*

Plaintiffs argue that Defendants violated their Fourth Amendment rights when Poteet, acting on behalf of the City of St. John, "entered on to [sic] property to obtain information to issue tickets." Defendants argue that Plaintiffs have failed to properly allege any facts to state a claim that Poteet violated their Fourth Amendment rights. I agree with Defendants.

Even with a liberal construction, Plaintiffs' Fourth Amendment allegation against Defendants does not satisfy the pleading requirements of Fed.R.Civ.P. 8(a)(2) as set forth by the Supreme Court in Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint fails to satisfy this requirement if it merely "tenders naked assertions devoid of further factual enhancement." Iqbal, 129 S.Ct. at 1949. Stated differently, a complaint needs "to allege more by way of factual content to nudge [a] claim...across the line from conceivable to plausible." Id. at 1952.

The analysis I must conduct in analyzing whether a Fourth Amendment violation for improper search or seizure has occurred is highly fact specific. Under the Fourth Amendment, "to show a legitimate expectation of privacy in the searched premises, the person challenging the search has the burden of showing both a subjective expectation of privacy and that the expectation is objectively reasonable; that is, one that society is willing to accept." U.S. v. McCaster, 193 F.3d 930, 933 (8th Cir. 1999). "Several factors are relevant to this showing: whether the party has a possessory interest in the things seized or the place searched; whether the party can exclude others from that place; whether the party took precautions to maintain the privacy; and whether the party

-3-

had a key to the premises." Id.

Plaintiffs fail to allege enough facts to meet this burden. While Plaintiffs allege that Poteet entered onto property to obtain information to issue tickets, Plaintiffs fail to identify any information about the property entered or the circumstances under which Poteet allegedly entered the property. Plaintiffs fail to provide any facts regarding whether the property was residential or commercial, whether the property entered had a fence, a gate, or a no trespassing sign posted. Plaintiffs fail to plead whether the objects viewed were in a driveway, if the objects were viewable from a sidewalk, or any other factual content that would nudge the claim to plausibility. Plaintiffs fail to even plead how Poteet was acting on behalf of the City of St. John except to state that he gathered information to issue tickets. Plaintiffs also fail to allege what constituted the allegedly improper search or seizure by Poteet. Plaintiffs were ordered to file an Amended Complaint to properly plead their claims and they have failed to do so.

In order to have standing to contest the validity of a search under the Fourth Amendment, a person must have a reasonable expectation of privacy in the place searched. U.S. v. Randolph, 628 F.3d 1022, 1026 (8th Cir. 2011). Plaintiffs in this case are Donald Davis, Sr., Audrey Davis, Donald Davis, Jr., and Mark Davis. Plaintiffs fail to plead how any of the plaintiffs had a reasonable expectation in the place that was allegedly searched by Poteet. The tickets that were ultimately issued were issued to Donald Davis, Sr. Accordingly, Plaintiffs have failed to establish that they have standing to assert a violation of their Fourth Amendment rights.

As a result of the foregoing, Plaintiffs do not state a claim and Defendants' motion to dismiss the Fourth Amendment claim will be granted.

*Fourteenth Amendment*

Plaintiffs also attempt to allege Defendants violated their Fourteenth Amendment rights. It is

unclear from Plaintiffs' Complaint what is the alleged violation of the Fourteenth Amendment. Plaintiffs assert that the Fourteenth Amendment was violated "by Robert Poteet, The City of St. John and including Prosecutor Hardy Menees, City Manager Terry Milam, and St. John City Judge without following and acknowledging conflicting laws/ordinances and or provisions provided in own city ordinances under Willful blindness of their own law's/ ordinances and State laws [sic]." Plaintiffs also allege "[Defendants] did deny Donald E. Davis, Sr. equal protection of the law."

As an initial matter, Plaintiffs refer to alleged violations by people who are not a party to this action. As a result, I will disregard the vague reference by Plaintiffs to Prosecutor Menees, City Manager Miliam, and the St. John City Judge. Plaintiffs' Fourteenth Amendment claim is very difficult to decipher. In their motion to dismiss, Defendants interpret Plaintiffs' Amended Complaint to assert an alleged violation of the Due Process Clause of the Fourteenth Amendment and argue that is unclear whether Plaintiffs are alleging a procedural or substantive due process claim. Defendants argue that Plaintiffs have failed to sufficiently plead a violation of either procedural or substantive due process. I also note that Plaintiffs claim could also be interpreted to raise an alleged violation of the Equal Protection Clause. Regardless, Plaintiffs fail to allege any facts that would support either cause of action.

Plaintiffs' alleged violation of the Fourteenth Amendment is that Defendants applied "conflicting laws/ordinances and or provisions provided in own city ordinances under Willful blindness of their own law's/ordinances and State Laws [sic]." An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp., 550 U.S. at 570. Plaintiffs' Amended Complaint merely asserts that conflicting ordinances and/or laws were followed by Defendants and does not assert any facts in support of the allegation that Defendants violated Plaintiffs' due process rights under the

Fourteenth Amendment. As a result, I find that Plaintiffs have failed to sufficiently plead a violation of due process under the Fourteenth Amendment.

Similarly, if Plaintiffs are alleging a violation of their equal protection rights, their Amended Complaint fails to sufficiently assert facts in support of the allegation. "[T]he Equal Protection Clause requires that state actors treat similarly situated people alike." Habhab v. Hon, 536 F.3d 963, 967 (8th Cir.2008). "State actors may, however, treat dissimilarly situated people dissimilarly without running afoul of the protections afforded by the clause." Id. To survive a motion to dismiss, Plaintiffs must allege facts that they were treated differently from those who are similarly situated. Plaintiffs have failed to plead any such facts. The only fact that Plaintiffs appear to allege in support of this cause of action is that Donald Davis, Sr. was ultimately found not guilty on the charges arising from the tickets issued. Plaintiffs have failed to establish how this gives rise to a violation of equal protection rights. Plaintiffs do not indicate how they were treated differently from similarly situated people or on what basis. As a result, I find that Plaintiffs have failed to sufficiently plead an equal protection violation under the Fourteenth Amendment.

*Section 1983*

"Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees." Mettler v. Whitledge, 156 F.3d 1197, 1204 (8th Cir. 1999) (citing Monell v. Department of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom. Id. To hold a municipality liable, a plaintiff must prove that a municipal policy or custom was the "moving force [behind] the constitutional violation." Id. (quoting Monell, 436 U.S. at 694, 98 S.Ct. 2018).

Plaintiffs have failed to allege that City of St. John follows an unconstitutional policy or

custom and have failed to allege any facts in support of such an allegation. Plaintiffs make a vague allegation that the City of St. John followed "conflicting laws/ordinances." However, Plaintiffs fail to allege any facts regarding this allegation. As a result, I will grant Defendants' Motion to Dismiss. Accordingly,

**IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss [#2] is **DENIED** as moot and Defendants' Motion to Dismiss [#13] is **GRANTED** under Fed. R. Civ. P. 12(b)(6). The Plaintiff's Complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered on this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of February, 2011.